CHARLES F. DRYDEN, APPELLEE, v. PERU BOTTOM DRAINAGE DISTRICT, APPELLEE; JOHN MULHALL, INTERVENER, APPELLANT.

FILED MAY 13, 1916. No. 18616.

1. **Landlord and Tenant: LEASE: CONSTRUCTION.** A landlord whose contract with his tenant is that he shall be paid a specified number of bushels of corn as rent, and shall have a lien upon the crop to secure the payment of such rent, and shall be notified when the corn on the leased land is to be gathered, and have an opportunity to "sell, store or otherwise handle the same," has an interest in such crop as against the tenant.

2. **Intervention:** Action for Injury to Crops: Rights of Lessor. In an action by the tenant to recover damages to such crop the landlord should be allowed to intervene and recover his proportion of the damage.

3. **Appeal:** Reversal: Directions. In this case the landlord was not allowed to intervene, and the tenant recovered the entire damage to the crop. The judgment against the intervener is reversed, and the trial court directed to ascertain the landlord's equitable proportion of the judgment so recovered.

Appeal from the district court for Otoe county: James T. Begley, Judge. *Reversed with directions.*

*Lambert & Armstrong,* for appellant.

*Kelligar & Ferneau, Livingston & Heinke* and *R. F. Neal, contra.*

Sedgwick, J.

The question in this case arose out of *Dryden v. Peru Bottom Drainage District,* p. 837, *post.* Mr. Mulhall filed a petition in intervention in that case in the district court for Otoe county, alleging that he was the owner of the land upon which the damage was done, and that he had leased it for that season to the plaintiff, Dryden, and under the terms of his lease was interested in the crop damaged, and asked to recover his damages of the defendant in that action. Upon motion of the defendant, the district court struck his petition in intervention from the files and refused him relief. From that order of the district court, the intervener appealed.

It appears from the record in the original case that the court allowed the plaintiff to recover all damages to the crops growing upon the land during the season for which that action was brought. The question whether the intervener was entitled to recover depends upon the construction of the lease. The lease provided that the tenant should give the landlord a mortgage upon the crops to secure the performance of the conditions of his lease, and it does not appear that any such mortgage had been given or that the lease had been filed as a lien upon the crops, but the defendant is not in a position to claim the protec-

Dryden v. Peru Bottom Drainage District.

tion of an innocent purchaser. The question is as to the rights and respective interests of the landlord and tenant in the crops damaged. The lease provided: "And the said second party, in consideration of the leasing of the premises, as above set forth, covenants and agrees with the first party to pay as rent for the same in the manner following, that is to say: 2,000 bushels of corn to be delivered at the elevator at Peru, Nebraska, on or before December 25, 1912." It is contended that this provision does not give the landlord any interest in the crop itself because the tenant might pay the rent in corn produced from any other place as well as from the land leased. The lease, however, contained another provision to the effect that the tenant should notify the landlord before husking the corn, and "that he will not in any event permit said work to be done before the first party is on the premises and prepared to sell, store, or otherwise handle the same." It also provided that not later than June 1 the tenant should secure the "performance of the terms and conditions of this contract and lease, and the payment of the rents reserved hereunder on his part, by calling at the first party's office, at Sioux City, at the office of John Mulhall, at Sioux City, Ia., not later than June 1 of each year, and executing to the first party a chattel mortgage on the crop grown or gathered on said premises." It also contained the provision that the landlord should have a lien upon the crops upon the premises for the payment of the rents. These provisions gave the landlord an interest in the crop as against the tenant, and the court should have apportioned the damages between the landlord and tenant in proportion to their respective interests.

The judgment of the district court is reversed and the cause remanded, with instructions to take further evidence, if necessary, and determine the equitable interest of the landlord in the judgment rendered against the defendant.

REVERSED.

LETTON, J., not sitting.